## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIE ZIPPO DiRIENZO, as Administratix and Administratrix ad Prosequendum of the Estate of Pasquale DiRienzo,**<br><br>                              **Plaintiff,**<br><br>**v.**<br><br>**WIRTGEN GROUP, a corporation formed in accordance with the Laws of Germany,** *et al.*,<br><br>                              **Defendants.** | Civil Action No. 12-7881 (WJM)<br><br><br>**REPORT AND RECOMMENDATION** |

**Falk, U.S.M.J.**

Plaintiff Julie Zippo Dirienzo, as Administratirix and Administratrix ad Prosequendum of the Estate of Pasquale DiRienzo ("Plaintiff"), originally filed this wrongful death action in New Jersey state court. Defendants, Wirtgen America, Inc. and Wirtgen GmbH[1] (collectively "Wirtgen" or "Defendant"), removed the case to this Court. Wirtgen now moves pursuant to Federal Rule of Civil Procedure 21 to dismiss six non-diverse defendants as fraudulently joined. Plaintiff cross-moves to remand. Both motions are opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. No argument has been heard. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Wirtgen's motion be **DENIED** and Plaintiff's motion be **GRANTED**.

---

[1]Defendants Wirtgen America, Inc. and Wirtgen GmbH were improperly pleaded as Wirtgen Group. (Notice of Removal 2.)

## BACKGROUND

Defendant New Jersey Turnpike Authority ("NJTA") initiated a milling and paving project on its Turnpike ("project"). (Compl. ¶ 4.)  NJTA engaged Defendant Kupper LLC ("Kupper")[2] as the project's safety manager and Defendant Joseph M. Sanzari, Inc. ("Sanzari") as its general contractor. (Id. ¶¶ 4-5.)  Sanzari subcontracted Defendant Paolella Pro-filing, Inc. ("Paolella") to perform work on the project. (Id. ¶ 2.)  Defendant JW Rufolo and Associates, Inc. ("JW Rufolo") served as Paolella's safety consultants. (Id. ¶ 7.)

At the time of the accident giving rise to this lawsuit, Plaintiff's decedent, Pasquale DiRienzo ("decedent"), was employed by Paolella and performing work in connection with the project. (Compl. ¶¶ 1-2.)  On November 9, 2010, decedent was riding on the passenger side of the operator's platform of a milling machine designed, manufactured and sold by Wirtgen. (Id. ¶ 3.) According to Plaintiff, decedent fell as he attempted to descend the milling machine while it was in motion.  Decedent sustained fatal injuries when the milling machine's crawler tracks ran over him. (Compl. ¶¶ 11-12.)

On November 2, 2012, Plaintiff, a New Jersey resident, commenced a wrongful death action in state court.  Plaintiff's seven count Complaint asserted, inter alia, claims for strict liability, negligence, and breach of warranty against Wirtgen, a foreign citizen,[3] as well as against six other defendants – NJTA, Kupper, Sanzari, Paolella, Rufolo and JMT[4] – all identified in the Complaint as citizens of New Jersey.   On December 27, 2012, Wirtgen removed the case to this Court on grounds of diversity of citizenship.

---

[2]According to the Complaint, Kupper is a subsidiary of Johnson, Mirmiran, Thompson, Inc. ("JMT"). (Compl. ¶ 6.)

[3]Wirtgen America, Inc. is a Tennessee corporation with its principal place of business located in the state. Wirtgen GmbH is a corporation created under the laws of Germany, where its principal place of business is also located.  (Notice of Removal ¶¶ 5, 6 .)

[4]NJTA, Kupper, Sanzari, Paolella, Rufolo and JMT are collectively referred to herein as the "New Jersey defendants."

(Notice of Removal ¶ 3.)  On January 31, 2013, Wirtgen filed a motion to dismiss[5] the New Jersey defendants pursuant to Federal Rule of Civil Procedure 21.  Arguing that the New Jersey defendants had been fraudulently joined to defeat jurisdiction, Wirtgen contends the Complaint is devoid of any facts to support Plaintiff's claims and that it would be impossible for a state court to find that the Complaint states a cause of action against any one of the non-diverse defendants. (Defendant's brief in support ( "Def. Br.") 3, 6.)  Wirtgen further maintains that the Court should disregard the New Jersey defendants' domicile in its diversity analysis and assume jurisdiction over the case.  (Def. Br. at 3.)   Lastly, Wirtgen argues that Plaintiff failed to file a timely motion for remand and therefore has waived any objection to the removal. On February 19, 2013, Plaintiff cross-moved to remand.  Asserting that there is not complete diversity because the New Jersey defendants and Plaintiff are citizens of the same state, Plaintiff maintains the Court lacks subject matter jurisdiction.

## DISCUSSION

### A.  Removal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Where diversity jurisdiction is grounds for removal under 28 U.S.C.  § 1332, the removing party must demonstrate complete diversity between the parties. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1994)(stating that federal diversity jurisdiction is present "only if there is no plaintiff and no defendant who are citizens of the same state"). If a non-diverse defendant is in the case, the removing party "may avoid remand only by

---

[5]Wirtgen's motion is styled as a "motion to drop co-defendants."

demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). The removing party carries a "heavy burden of persuasion." Id. at 851. Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

## B. Diversity Jurisdiction

Plaintiff alleges only state law causes of action and therefore diversity is the only basis for jurisdiction in this case. Plaintiff is a citizen of New Jersey. Defendants NJTA, Kupper, Sanzari, Paolella, Rufolo and JMT are also New Jersey citizens. There is no diversity jurisdiction on the face of the Complaint. See Wis. Dep't of Corr., 524 U.S. at 389. This case can remain in federal court only if Wirtgen can demonstrate that the New Jersey defendants were fraudulently joined for purposes of destroying diversity jurisdiction. See Batoff, 977 F.2d at 851; Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

### 1. Fraudulent Joinder Standard

The burden of establishing fraudulent joinder is heavy. Batoff, 977 F.2d at 851 (quotation omitted). In conducting a fraudulent joinder analysis, all factual allegations in the complaint are assumed to be true. Steel Valley Auth. v. Union Signal & Switch Div., 809 F.2d 1006, 1010 (3d Cir. 1987). The court must resolve all contested factual issues and any uncertainties in the law in favor of the plaintiff. Batoff, 977 F.2d at 852. Joinder is considered fraudulent only when "there is no reasonable basis in fact or colorable ground supporting the claim" in dispute. Id. at 851. For a claim to lack a colorable basis, "it must be wholly insubstantial and frivolous." Id. at 852.

In conducting its analysis, a court may look beyond the pleadings "to identify indicia of fraudulent joinder." In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006). However, fraudulent joinder is not meant to substitute for a merits analysis. See id. at 219 (quotation omitted)("court must not step 'from the threshold jurisdictional issue into a decision on the merits'"). Indeed, "the inquiry into the validity of the complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when

a party makes a claim of fraudulent joinder." <u>Batoff</u>, 977 F.2d at 852.  Accordingly, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action ... the federal court must find that joinder was proper and remand the case to state court." <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990)(quotation omitted)

### 2. <u>Analysis</u>

Wirtgen has the burden of showing that this case is properly before the Court.  <u>See</u> <u>Frederico</u>, 507 F.3d at 193.  To do so, Wirtgen must establish that *all* of the New Jersey defendants were fraudulently joined, otherwise the case must be remanded. <u>See</u> <u>Miloseska v. Liberty Travel, Inc.</u>, No. 12-6108, 2013 WL 178065, at *2 (D.N.J. Jan. 16, 2013)(where the court finds that a non-diverse party was not fraudulently joined, the court lacks subject matter jurisdiction and must remand the case).  Stated differently, there are six separate defendants who are considered citizens of New Jersey.[6]  If a *single* claim against any *one* of these six is not wholly frivolous, then there is no diversity jurisdiction and the case must be remanded.  As is explained below, Wirtgen has failed to carry this extremely heavy burden.

The doctrine of fraudulent joinder is intended to address patently frivolous claims, such as actions clearly barred by the statute of limitations.  <u>See</u> <u>In re Briscoe</u>, 448 F.3d at 223-24 (fraudulent joinder applies to claims barred by statutes of limitations).  This is simply not the type of issue presented here. Counts four, five and six of Plaintiff's Complaint contain allegations directed at the New Jersey defendants.  Specifically, the Complaint states claims for, among other things, failure to properly train and supervise, failure to maintain and service the milling machine, and failure to warn of the risks associated with its use.   The thrust of Wirtgen's argument is that Plaintiff's Complaint does not allege sufficient facts to support each cause of action.  Essentially, Wirtgen implicitly contends that the Complaint has not been pleaded with adequate specificity to survive a Rule 12(b)(6) motion to dismiss.  Such an examination is not appropriate on a

---

[6]NJTA, Kupper, Sanzari, Paolella, Rufolo and JMT are identified in the Complaint as citizens of New Jersey.

motion for fraudulent joinder.   <u>See Pinnacle Choice, Inc., et al. v. Silverstein et al.</u>, No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008)(a detailed examination of Plaintiff's claim is not proper as such "a micro-view of the pleadings ... is excessive in the context of fraudulent joinder").

    More specifically, Wirtgen argues that the Complaint lacks sufficient facts to overcome what would otherwise be bars to Plaintiff's recovery.  For instance, Wirtgen maintains that the Complaint is devoid of any facts that would create an exception to – NJTA's defense of sovereign immunity; Sanzari's anticipated assertion that a general contractor is not liable for injury to a subcontractor's employee; JMT's defense that a parent company is not liable for the acts of its subsidiary, or Paolella's reliance on the New Jersey Worker's Compensation Act as the exclusive remedy for workplace injuries. These legal axioms, and exceptions thereto, all require an analysis of substantive state law, a task not before the Court on this motion.  These are not questions susceptible to a traditional fraudulent joinder analysis.  Nor are Plaintiff's claims patently frivolous on their face. Rather, here, liability may rise and fall on facts developed during discovery, including the New Jersey defendants' respective roles, if any, in the fatal accident at issue.  Such an inquiry is well beyond the scope of review for fraudulent joinder. <u>See Miloseska</u>, No. 12-6108, 2012 WL 6771978 at *4, n. 4 (D.N.J. Dec. 20, 2012) (citing <u>Briscoe</u>, 448 F.3d at 217-18).  By arguing that Plaintiff failed to plead facts which may give rise to liability, Wirtgen is presenting to the Court a merits analysis that is more appropriately reserved for a Rule12(b)(6) motion to dismiss or for summary judgment.

    The Court concludes that Plaintiff acted reasonably by naming all of the parties who may be responsible for the decedent's fatal injuries, as failure to do so could give rise to a potential statute of limitations issue.  <u>See Romeo v. JC Penney</u>, No. 11-3727, 2011 WL 5513203 (D.N.J. Nov. 10, 2011).   It would not be impossible for a state court to find that the complaint states causes of action upon which relief can be granted.  Thus, the Court concludes that in light of the allegations set forth in the Complaint, the claims asserted against the New Jersey defendants are not wholly insubstantial or frivolous.  <u>See Batoff</u>, 977 F.2d at 851.  The Court does not find, however, that Plaintiff in fact has

succeeded in stating a claim upon which relief can be granted against any or all of the non-diverse defendants. A state court may very well decide to dismiss the claims against any or all of them on the merits. That question, however, is not before the Court now.

## C.  Decision

The Court finds that Plaintiff raised "colorable" claims against the New Jersey defendants. Wirtgen has not carried its heavy burden of demonstrating that the New Jersey defendants have been fraudulently joined and therefore the Court does not have diversity jurisdiction over this case.[7]


## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand be granted and Wirtgen's motion be denied.


 s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**


**Dated: April 24, 2013**

---

[7]Wirtgen argues that Plaintiff waived any objection to removal because she failed to file a motion to remand with 30 days after the Notice of Removal was filed. (Def.'s Br. 12.) The argument is wholly without merit. Section 1446(a) providing the 30 day time limitation governs all motions to remand *except* those filed on grounds of lack of subject matter jurisdiction, precisely Plaintiff's argument here. Wirtgen also argues that Plaintiff's failure to move earlier demonstrates she has no real intention of prosecuting the complaint. The Court is unpersuaded by such argument. Plaintiff served the parties. There is no evidence to suggest that Plaintiff does not intend to vigorously pursue these claims.