# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIE ZIPPO DiRIENZO, as Administratrix and Administratrix ad Prosequendum of the Estate of Pasquale DiRienzo,** <br><br> Plaintiff, <br><br> v. <br><br> **WIRTGEN GROUP, a corporation formed in accordance with the Laws of Germany,** *et al.*, <br><br> Defendants. | Civ. No. 2:12-cv-07881 (WJM) <br><br> **ORDER** |

Plaintiff Julie Zippo DiRienzo, a citizen of New Jersey, brings this action on behalf of the estate of her late husband, Pasquale DiRienzo ("DiRienzo"). The action arises out of a fatal workplace injury DiRienzo sustained when he fell from a Wirtgen Cold Milling Machine while milling a section of the New Jersey Turnpike. The Complaint, which was originally filed in the Superior Court of New Jersey, asserts claims such as wrongful death and failure to supervise.

The Defendants in this case can be divided into two groups. First, there is Wirtgen America, Inc. and Wirtgen GmbH (together "Wirtgen"), the manufacturer of the Wirtgen Cold Milling Machine. Wirtgen is a foreign corporation. The second group of Defendants (the "New Jersey Defendants"), are all citizens of New Jersey. That group includes Defendant Paolella Pro-Filing, Inc., DiRienzo's former employer.

On December 27, 2012, Wirtgen removed the action to this Court, arguing that the Court had diversity jurisdiction (1) because Wirtgen and Plaintiff were citizens of different states, and (2) because the New Jersey Defendants were fraudulently joined in the action. ECF No. 1. Wirtgen subsequently filed a motion to "drop co-defendants," and Plaintiff filed a cross-motion to remand. ECF Nos. 12, 19. The motions were referred to United States Magistrate Judge Mark Falk. On April 24, 2013, Judge Falk filed a well-reasoned Report and Recommendation (the "Report and Recommendation") in which he found that "Wirtgen has not carried its heavy burden of demonstrating that the New Jersey defendants have been fraudulently joined." Report and Recommendation at 7, ECF No. 23. Based on this conclusion, Judge Falk held that there was no diversity of citizenship, and he recommended that the action be remanded to state court.

The parties were notified that they had fourteen (14) days to submit objections to the Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). Wirtgen timely filed objections to the Report and Recommendation, Plaintiff opposed the objections, and Wirtgen submitted a reply. ECF Nos. 24-26. In its objections, Wirtgen makes essentially the same arguments that Judge Falk rejected when evaluating the motion to remand. Specifically, Wirtgen argues that the Complaint lacks evidentiary support and that its conclusory allegations would not survive a motion to dismiss. This Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Falk's reasoning. For the reasons set forth in detail in the Report and Recommendation, and for good cause appearing;

      **IT IS** on this 4th day of June 2013, hereby,

**ORDERED** that Wirtgen's objections to the Report and Recommendation are overruled; and it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Mark Falk is adopted as the Opinion of this Court; and it is further

**ORDERED** that this matter is hereby remanded to the Superior Court of New Jersey, Law Division, Essex County.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

cc:     The Hon. Mark Falk, U.S.M.J.